Kingsway Sheet Metal & Roofing Co., Inc., on Behalf of Itself and All Others Similarly Situated, Plaintiff, *v.* John L. Hennessy et al., Copartners Doing Business under the Name of Knolls Construction Company, et al., Defendants.

Supreme Court, Special Term, New York County, July 28, 1955.

*Davis Polk Wardwell Sunderland & Kiendl* for Dry Dock Savings Bank, defendant.

*Bogart & Lonergan* for plaintiff.

Stevens, J. This motion by the defendant, Dry Dock Savings Bank, for summary judgment dismissing the complaint is granted.

Plaintiff seeks to hold defendant Dry Dock Savings Bank liable for a balance due for work, labor and services and materials furnished allegedly rendered by it to the defendants, Knolls Construction Company, the contractor, and Knolls Cooperative Section No. 2, Inc., the borrower, under a building loan agreement with defendant bank. This agreement provided for certain advances for payment of construction costs at various stages of the construction. The plaintiff contends that under subdivision (3) of section 13 and section 36-a of the Lien Law, and certain provisions of the building loan agreement between the borrower and the bank, a duty was imposed upon the bank to see that all claims of subcontractors, arising out of the construction work, were paid out of the moneys advanced to the borrower. The plaintiff also contends that it was the bank's obligation to require proof of past work done, and acknowledgements from the subcontractors of payments made, before further mortgage money advances became available to the borrower; that such funds constituted trust funds for the benefit of the subcontractors and materialmen, and that the bank knowingly permitted the diversion of said funds.

A reading of the pertinent sections and the provisions of the building loan agreement do not support these contentions insofar as this defendant bank is concerned. Paragraph 5 of the building loan agreement, while binding the borrower (mortgagor) to hold all advances received thereunder as trust funds to be applied first for the purpose of paying the cost of the improvements, specifically provides that " nothing herein shall impose upon the lender (bank) any obligation to see to the proper application of such advances by the borrower " (Lien Law, § 13, subd. [3]). It is evident, therefore, that under the terms of the building loan agreement, the duty which plaintiff alleges does not exist.

We must, therefore, look to the relevant sections of the Lien Law to determine what rights, if any, exist in plaintiff's favor against this defendant. Subdivision (3) of section 13 of the Lien Law states as follows: " Nothing in this subdivision shall be considered as imposing upon the lender any obligation to see to the proper application of such advances by the owner ".

Section 36-a, as amended, merely provides that funds received by a contractor from an owner for the improvement of real property are declared to be trust funds in the hands of the con-

tractor to be applied first for the payment of claims of sub-contractors, architects, engineers, surveyors, laborers and materialmen; upon failure to so pay these claims, the section further provides that such trust may be enforced by civil action by any person entitled to share in the fund. Furthermore, it provides that '' For the purpose of a civil action only, the trust funds shall include the right of action upon an obligation for moneys due or to become due to a contractor ''.

The statute, by its language, limits its applicability to such funds as the contractor shall be entitled to receive for the work actually done by the contractor from the owner. This is not the factual situation here. The contractor is the Knolls Construction Company, a copartnership, which was not a party to the building loan agreement. That agreement was between the bank and the owner of the leasehold, Knolls Cooperative Section No. 2, Inc. No such privity of contract exists in favor of the contractor as would make the bank liable hereunder even if all advances had not already been made to the borrower. Settle order.